Alfred E. Donohue, OSB No. 096205
Wilson Smith Cochran Dickerson
1000 Second Avenue, Suite 2050
Seattle, WA 98104
Phone: (206) 623-4100
Attorney for Allmerica Financial Benefit
Insurance Company

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ALLMERICA FINANCIAL BENEFIT INSURANCE COMPANY,<br><br>                                   Plaintiff,<br><br>          vs.<br><br>WEST LINN FAMILY HEALTH CENTER, PC<br><br>                                   Defendant. | Case No. 3:26-cv-00056<br><br>COMPLAINT FOR DECLARATORY JUDGMENT AND RESCISSION |

Plaintiff Allmerica Financial Benefit Insurance Company brings this action pursuant to 28 U.S.C. §2201 to obtain a declaration of the parties' rights under various insurance policies issued by Plaintiff, and alternatively seeks rescission of the Policy issued by Plaintiff to Defendant. Plaintiff alleges as follows:

## I.  PARTIES

1.     Plaintiff Allmerica Financial Benefit Insurance Company ("Allmerica") is a Michigan corporation with its principal place of business in Worcester, Massachusetts.

WILSON SMITH COCHRAN DICKERSON
1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

2.    Defendant West Linn Family Health Center, PC ("West Linn") is and at all material times to this action has been an Oregon Professional Corporation with its principal place of business in West Linn, Oregon, formed or registered to do business in the State of Oregon in 1993 and identified by Oregon Registry Number 338041-88.

## II.  JURISDICTION & VENUE

3.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332(a) because this action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4.    Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(1) because the Defendant is located in Clackamas County, Oregon, which is located in this district.

5.    Actual, real, and currently justiciable controversies exist between the parties as to the issues described herein. A declaration from the Court will permit the parties to order their affairs accordingly.

6.    This Court has authority to determine the parties' respective rights and other legal obligations pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201.

7.    This Court has the authority to hear Plaintiff's equitable claim for rescission.

## III.  FACTS

8.    Allmerica issued Policy Z22 H670034 00 to West Linn effective July 1, 2021 through July 1, 2022, with annual renewal periods July 1, 2022 – July 1, 2026 ("Policy" or "Policies"). The Policy includes Commercial General Liability coverage. Copies of pertinent pages referenced below from the first term of the Policy are attached hereto as Exhibit 1. Except where

WILSON SMITH COCHRAN DICKERSON
1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

indicated in the excerpted language, the pertinent policy provisions were unchanged across the Policy renewal periods.

9.      The policy limit for each occurrence, personal injury and advertising injury is $1,000,000 for all policy periods. The General Aggregate Limit is $2,000,000 for all policy periods.

10.     The Policy(ies) for terms 2021-2025 included the OREGON CHANGES – SMALL COMMERCIAL LIABILITY Endorsement IL 01 39 12 02, and for 2025-2026, IL 01 39 12 22 (changes in bold) (Exhibit 2):

**A.**     With respect to the **SMALL COMMERCIAL LIABILITY COMPANION ENDORSEMENT, SECTION III – ADDITIONAL CONDITIONS**, **B. Concealment, Misrepresentation or Fraud** is replaced by the following:

**B.**     **Concealment, Misrepresentation or Fraud**

    **1.**     Subject to paragraphs **2.** and **3.** below, this [**entire Coverage Part or Coverage Form]** entire policy will be void if, whether before or after a loss, you have willfully concealed or misrepresented any material fact or circumstance concerning this insurance or the subject of it, or your interest in it, or in case of any fraud or false swearing by you relating to it.

    **2.**     All statements made by you or on your behalf, in the absence of fraud, will be deemed representations and not warranties. No such statements that arise from an error in the application will be used in defense of a claim under this Coverage Form unless:

        **a.**     The statements are contained in a written application; and

        **b.**     A copy of the application is endorsed upon or attached to this Coverage Form when issued.

    **3.**     In order to use any representation made by you or on your behalf in defense of a claim under the [**Coverage Part or**] Coverage Form, we must show that the representations are material and that we relied on them.

* * *

COMPLAINT FOR DECLARATORY
JUDGMENT AND RESCISSION - 3

WILSON SMITH COCHRAN DICKERSON
1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

11.     The Policy(ies) include the following Policy Condition:

**15.    Representations**

By accepting this policy, the Named Insured agrees that:

**a.**     The statements in the Application and Declarations are accurate and complete;

**b.**     Those statements are based on representations the Named Insured made to us; and

**c.**     We have issued this policy in reliance upon these representations.

The unintentional failure to disclose all hazards existing as of the inception date of the policy will not prejudice your rights under this policy. However, this provision does not affect our right to collect additional premium or exercise our rights of cancellation or nonrenewal in accordance with applicable insurance laws and regulations.

12.     The Policy(ies) include the following relevant portions of the Insuring Agreement:

**1.    Insuring Agreements**

**COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.    Insuring Agreement**

**a.**     We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.  We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.  . . . .

**b.**     This insurance applies to "bodily injury" and "property damage" only if:

**(1)**     The "bodily injury" or "property damage" is caused by an "occurrence" . . . .

**(2)**     The "bodily injury" or "property damage" occurs during the

COMPLAINT FOR DECLARATORY
JUDGMENT AND RESCISSION - 4

policy period . . . .

    **(3)**    Prior to the policy period, no insured listed under Paragraph 1. of Section II - Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part.  If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

**c.**    "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph 1. of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

**d.**    "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1. of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

    **(1)**    Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

    **(2)**    Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

    **(3)**    Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

* * *

WILSON SMITH COCHRAN DICKERSON
1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

**COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY**

1.      **Insuring Agreement**

   a.      We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply . . . .

   b.      This insurance applies to "bodily injury" and "property damage" only if:

      (1)      The "bodily injury" and "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

      (2)      The "bodily injury" or "property damage" occurs during the policy period; and

      (3)      Prior to the policy period, no insured listed under Paragraph 1. of Section II - Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part.  If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

                        * * *

   d.      "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph **1.** of Section **II** – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

WILSON SMITH COCHRAN DICKERSON
1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

    **(1)**    Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

    **(2)**    Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

    **(3)**    Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

\* \* \*

13.    The Policy(ies) include the following pertinent definitions:

    **3.**[1]    "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time. "Bodily injury" includes mental anguish or other mental injury resulting from "bodily injury".

\* \* \*

    **13.**    "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

\* \* \*

    **14.**    "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

    **a.**    False arrest, detention or imprisonment;

    **b.**    Malicious prosecution;

    **c.**    The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

    **d.**    Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

    **e.**    Oral or written publication, in any manner, of material that violates a person's right of privacy;

---

[1] As amended by Endorsement 822-0001 08 19, p. 13.

COMPLAINT FOR DECLARATORY
JUDGMENT AND RESCISSION - 7

WILSON SMITH COCHRAN DICKERSON
1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

**f.**     The use of another's advertising idea in your "advertisement"; or

**g.**     Infringing upon another's copyright, trade dress or slogan in your "advertisement".

* * *

**17.**[2]     "Property damage" means:

**a.**     Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

**b.**     Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

* * *

**18.**     "Suit" means a civil proceeding in which damages because of "bodily injury," "property damage" or "personal and advertising injury" to which this insurance applies are alleged.  "Suit" includes:

**a.**     An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or

**b.**     Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.

* * *

14.     The Policy(ies) include the following exclusions:

**2.**     **Exclusions**

This insurance does not apply to:

**a.**     **Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to

---

[2] As amended by Endorsement 822-0001 08 19, p. 14.

WILSON SMITH COCHRAN DICKERSON
1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON  98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

"bodily injury" resulting from the use of reasonable force to protect persons or property.

\* \* \*

**e.    Employer's Liability**

"Bodily injury" to:

**(1)**    An "employee" of the insured arising out of and in the course of:

**(a)**    Employment by the insured; or

\* \* \*

15.    The Policy(ies) include Endorsement 822-0001 08 19 (the Small Commercial Liability Companion Endorsement) which adds an exclusion to Coverage A of the Policy(ies):

**Professional Services**

"Bodily injury", "property damage", or "personal and advertising injury" caused by the rendering of or failure to render any professional service, advice or instruction:

**(1)**    By any insured; or

**(2)**    On behalf of any insured; or

**(3)**    From whom any insured assumed liability by reason of a contract or agreement, regardless of whether any such service, advice or instruction is ordinary to any insured's profession.

Professional services include but are not limited to:

\* \* \*

**(7)**    Any medical, surgical, dental, x-ray, nursing, health or therapeutic services, treatment, advice or instruction including, but not limited to, the prescribing, furnishing or dispensing of drugs;

\* \* \*

**(11)**    Management, Human Resource, Testing, Media or Public Relations consulting services. This exclusion applies even if a claim alleges negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by an insured, if the "occurrence" which caused the "bodily injury" or "property damage", or the offense which

caused the "personal and advertising injury", involved the rendering of or failure to render any professional service.

16.     The Policy(ies) include provisions that govern the Limits of Insurance:

**SECTION III – LIMITS OF INSURANCE**

**1.**     The Limits of Insurance shown in the Declarations and the rules below fix the most we will pay regardless of the number of:

    **a.**     Insureds;

    **b.**     Claims made or "suits" brought; or

    **c.**     Persons or organizations making claims or bringing "suits".

**2.**     The General Aggregate Limit is the most we will pay for the sum of:

    **a.**     Medical expenses under Coverage **C;**

    **b.**     Damages under Coverage **A,** except damages because of "bodily injury" or "property damage" included in the "products-completed operations hazard"; and

    **c.**     Damages under Coverage **B.**

\* \* \*

**5.**     Subject to Paragraph **2.** or **3.** above, whichever applies, the Each Occurrence Limit is the most we will pay for the sum of:

    **a.**     Damages under Coverage **A;** and

    **b.**     Medical expenses under Coverage **C**

because of all "bodily injury" and "property damage" arising out of any one "occurrence."

\* \* \*

The Limits of Insurance of this Coverage Part apply separately to each consecutive annual period and to any remaining period of less than 12 months, starting with the beginning of the policy period shown in the Declarations, unless the policy period is extended after issuance for an additional period of less than 12 months. In that case, the additional period will be deemed part of the last preceding period for purposes of determining the Limits of Insurance.

WILSON SMITH COCHRAN DICKERSON
1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

17.    The Policy(ies) include an "anti-stacking" clause through attachment of Endorsement 822-0001 08 19:

> It is our stated intent that the various Coverage Parts, forms, endorsements or policies issued to the named insured by us, or any company affiliated with us, do not provide any duplication or overlap of coverage for the same claim, "suit", "occurrence", offense, accident, "wrongful act" or loss. We will not pay more than the actual amount of the loss or damage.
>
> If this Coverage Part and any other Coverage Part, form, endorsement or policy issued to the named insured by us, or any company affiliated with us, apply to the same claim, "suit", occurrence, offense, accident, "wrongful act" or loss, the maximum Limit of Insurance under all such Coverage Parts, forms, endorsements or policies combined shall not exceed the highest applicable Limit of Insurance under any one Coverage Part, form, endorsement or policy.

18.    The Policy(ies) include Conditions as follows in pertinent part:

**SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**

* * *

**2.      Duties In The Event Of Occurrence, Offense, Claim Or Suit**

**a.**      You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim.

* * *

**b.**      If a claim is made or "suit" is brought against any insured, you must:

**(1)**      Immediately record the specifics of the claim or "suit" and the date received; and

**(2)**      Notify us as soon as practicable.

You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

**c.**      You and any other involved insured must:

**(1)**      Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

* * *

WILSON SMITH COCHRAN DICKERSON
1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

>    **d.**    No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

19.    On October 22, 2020, plaintiffs Jane Coe, et al. filed suit against West Linn Family Health Center, P.C. and others, in the Multnomah County Circuit Court for the State of Oregon, in the matter captioned *Jane Coe, et al. v. David Farley, M.D., et al.*, Multnomah County Circuit Court Case No. 20CV37412 (the "2020 Underlying Lawsuit"). A copy of the Tenth Amended Complaint filed in the 2020 Underlying Lawsuit is attached hereto as Exhibit 3.

20.    On February 25, 2025, plaintiff A.D.C. filed suit against West Linn Family Health Center, P.C. and others, in the Clackamas County Circuit Court for the State of Oregon, in the matter captioned *A.D.C. v. David Farley, M.D., et al.*, Clackamas County Circuit Court Case No. 25CV12386 (the "2025 Underlying Lawsuit"). A copy of the Complaint filed in the 2025 Underlying Lawsuit is attached hereto as Exhibit 4.

21.    The complaint (Tenth Amended Complaint) in the 2020 Underlying Lawsuit includes the following allegations, among others:

>    ¶1:    At all material times, Defendant DAVID FARLEY, M.D. . . . violated his position of trust, authority and confidence by repeatedly sexually assaulting Plaintiffs while they were patients of Defendants WEST LINN FAMILY HEALTH CENTER . . . .
>
>    ¶3:    FARLEY engaged in sexual misconduct with over 100 of his patients, including Plaintiffs . . . . while Defendants FAMILY HEALTH . . . knew or should have known that he was an unfit doctor and should not have been in contact with patients.

WILSON SMITH COCHRAN DICKERSON
1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

¶11:    Defendant WEST LINN FAMILY HEALTH CENTER, P.C. . . . operated as an assumed business name of DAVID B. FARLEY . . . between approximately 1989 and 1993.

¶24:    The Clinic Defendants knew or should have known that FARLEY had engaged in unlawfully sexually abusive conduct in the past and/or was continuing to engage in such conduct.  The Clinic Defendants had a duty to disclose those facts to Plaintiffs and others, but negligently failed to disclose this information . . . .

¶26:    . . . .the Clinic Defendants failed to report known instances of misconduct regarding FARLEY's sexual abuse despite numerous complaints lodged by patients.

¶29:    The Clinic Defendants failed to implement reasonable safeguards to avoid acts of unlawful sexual conduct by FARLEY . . . .

¶33:    . . . .By virtue of the Clinic Defendants' conduct, and in keeping with their failure to report and disclose, and thus conceal, FARLEY's past and present conduct from the community, the public at large, and law enforcement . . . .

¶34:    As is set forth herein, Clinic Defendants . . . have failed to uphold their own internal written policies and procedures, including but not limited to:

* * *

c)  Properly train staff to identify instances of abuse . . . .

d)  Provide diligent supervision over patients

22.    The complaint in the 2025 Underlying Lawsuit includes the following allegations, among others:

COMPLAINT FOR DECLARATORY
JUDGMENT AND RESCISSION - 13

¶1:    At all material times, Defendant DAVID FARLEY, M.D. ("FARLEY") violated his position of trust . . . by repeatedly sexually assaulting Plaintiff while she was a patient of Defendant WEST LINN FAMILY HEALTH CENTER ("FAMILY HEALTH").

¶4:    Plaintiff was . . . a patient of Defendant DAVID FARLEY, M.D. ("FARLEY") and WEST LINN HEALTH CENTER, P.C. ("FAMILY HEALTH") from approximately 2001 through April 2010.

¶19:    During the period Plaintiff was being sexually abused and harassed by FARLEY, Defendant FAMILY HEALTH had the authority and ability to prevent such abuse . . . . FAMILY HEALTH failed to do so . . . .

¶20:    On information and belief, FAMILY HEALTH knew or should have known that FARLEY had engaged in unlawful sexually abusive conduct in the past and/or was continuing to engage in such conduct.    FAMILY HEALTH had a duty to disclose these facts to patients, including Plaintiff, but negligently failed to disclose this information or take any action to curtail such behavior by FARLEY . . . .

¶23:    On information and belief, while Patient was a patient at FAMILY HEALTH, leadership at FAMILY HEALTH engaged in a pattern and practice of ignoring complaints, failing to investigate sexual harassment and abuse complaints, failing to disclose information from abuse victims . . . . Leadership at FAMILY HEALTH knew or should have known of FARLEY's dangerous propensity to sexually abuse his patients, yet FAMILY HEALTH did not report FARLEY to law enforcement or to the Oregon Medical Board . . . .

COMPLAINT FOR DECLARATORY
JUDGMENT AND RESCISSION - 14

WILSON SMITH COCHRAN DICKERSON
1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

¶25:    FAMILY HEALTH failed to implement reasonable safeguards to avoid acts of unlawful sexual conduct by FARLEY in the future . . . . FAMILY HEALTH ignored and suppressed FARLEY's past sexual misconduct and failed to train or warn staff of the complaints or concerns expressed by patients about FARLEY.

23.    The court docket for the 2020 Underlying Lawsuit indicates West Linn responded to a motion in the lawsuit on November 30, 2020. Exhibit 5. At page two of the response (Exhibit 5), West Linn states that the claims against West Linn in the 2020 Underlying Lawsuit "arise from Farley's alleged sexual abuse of patients."

24.    West Linn tendered the 2020 Underlying Lawsuit and the 2025 Underlying Lawsuit by way of a letter dated July 29, 2025.

25.     The letter dated July 29, 2025 was the first notice of the 2020 Underlying Lawsuit, and the first notice of the 2025 Underlying Lawsuit, to Allmerica.

26.    Allmerica defended West Linn against the 2020 Underlying Lawsuit; that lawsuit has resolved, and the dispute regarding coverage for the claims in the 2020 Underlying Lawsuit has resolved.

27.    Allmerica is defending West Linn against the 2025 Underlying Lawsuit under a reservation of rights, pending the outcome of this declaratory judgment action and request for rescission.

28.    Other former patients of West Linn have also recently made claims against West Linn. This includes claims by S.C., K.F., E.A., and A.H. None of these matters are yet in suit (hereinafter "Current Claims"). Allmerica has agreed to defend West Linn against these claims

WILSON SMITH COCHRAN DICKERSON
1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

subject to a reservation of rights, pending the outcome of this declaratory judgment action and request for rescission.

29.    West Linn knew that the losses alleged in the 2020 Underlying Lawsuit had occurred, in whole or in part, when it applied for insurance with Allmerica in June of 2021.

30.    West Linn failed to disclose the 2020 Underlying Lawsuit or the claims alleged therein, when it applied for insurance with Allmerica in June of 2021.

31.    West Linn left blank Insurance Application Question No. 6, which asked: "ANY PAST LOSSES OR CLAIMS RELATING TO SEXUAL ABUSE OR MOLESTATION ALLEGATIONS, DISCRIMINATION OR NEGLIGENT HIRING?" Exhibit 6.

32.    At the time that West Linn completed the Insurance Application on or about June 21, 2021, West Linn knew it had been sued for sexual abuse, and had been accused of negligent training, supervision, and other similar claims.

33.    West Linn's failure to disclose the 2020 Underlying Lawsuit when applying for insurance with Allmerica was a deliberate and fraudulent misrepresentation to Allmerica, intended to induce Allmerica to issue insurance to West Linn despite the pendency of the claims in the 2020 Underlying Lawsuit.

34.    Had West Linn disclosed the 2020 Underlying Lawsuit when West Linn applied for insurance in June of 2021, Allmerica would not have issued the Policy to West Linn.

35.    Had West Linn disclosed the 2020 Underlying Lawsuit when West Linn applied for insurance in June of 2021, Allmerica would not have later renewed the Policy.

WILSON SMITH COCHRAN DICKERSON
1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

36.     In addition to other coverage impediments to be raised in this action, the Known Loss doctrine precludes the availability of coverage for the claims in the 2025 Underlying Lawsuit, and precludes coverage for the Current Claims.

37.     In addition to other coverage impediments to be raised in this action, West Linn failed to comply with Section IV, Condition 2, as it did not provide notice of the claims against it "as soon as practicable," nor did it "immediately" send Allmerica copies of the 2025 Underlying Lawsuit complaint and summons.

38.     Allmerica has been prejudiced by the untimely notice of the 2020 Underlying Lawsuit.

39.     Allmerica has been prejudiced by the untimely notice of the 2025 Underlying Lawsuit.

40.     West Linn acted unreasonably in failing to promptly provide notice of claims related to the 2020 Underlying Lawsuit.

41.     West Linn acted unreasonably in failing to promptly provide notice of claims related to the 2025 Underlying Lawsuit.

42.     In addition to other coverage impediments to be raised in this action, the Insuring Agreement for Coverage A of the Policy provides coverage subject to exclusions and restrictions for "bodily injury" or "property damage" only if no insured had notice or knowledge that the "bodily injury" or "property damage" had occurred, in whole or in part. The Insuring Agreement further provides that if an insured or authorized "employee" knew of the "bodily injury" or "property damage" prior to the policy period, any continuation, change, or resumption of "bodily

WILSON SMITH COCHRAN DICKERSON
1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

injury" or "property damage" during or after a policy period will be deemed to have been known prior to the policy period.

43.     As shown on the court docket for the 2020 Underlying Lawsuit, West Linn knew of Farley's alleged injurious acts and the plaintiffs' claims prior to inception of the Policy on July 1, 2021.

44.     West Linn, by and through its President at the time, David B. Farley, knew that the Oregon Medical Board and Farley had entered into an Interim Stipulated Order dated August 6, 2020, providing that he voluntarily withdraw from practice and place his license in Inactive status pending the completion of the Board's investigation into Farley's ability to safely and competently practice medicine.

45.     West Linn, by and through its President at the time, David B. Farley, knew that the Medical Board issued a Complaint and Notice of Proposed Disciplinary Action alleging violations of the Medical Practice Act regarding unprofessional or dishonorable conduct, specifically sexual misconduct, and gross or repeated acts of negligence, on September 3, 2020.

46.     West Linn, by and through its President at the time, David B. Farley, knew that the Oregon Medical Board and Farley entered into a Stipulated Order for unprofessional or dishonorable conduct, specifically sexual misconduct, and gross or repeated acts of negligence, on October 2, 2020.

47.     West Linn, by and through its President (Ryan Scott, MD), its designated Individual with Direct Knowledge (Joyce Endo, MD), and/or other officers of West Linn effective October 30, 2020 (per the Information Change document filed with Oregon Secretary of State on that date),

knew of the claims for injuries and damages against David B. Farley during the summer of 2020, when Farley was investigated by local law enforcement agencies.

48.     West Linn, by and through its President (Ryan Scott, MD), its designated Individual with Direct Knowledge (Joyce Endo, MD), and/or other officers of West Linn effective October 30, 2020 (per the Information Change document filed with Oregon Secretary of State), knew that the Oregon Medical Board had revoked David Farley's medical license, and the reasons for the stipulated revocation, at least as early as October 30, 2020.

49.     West Linn by and through its President (Ryan Scott, MD), its designated Individual with Direct Knowledge (Joyce Endo, MD), and/or other officers of West Linn effective October 30, 2020 (per the Information Change document filed with Oregon Secretary of State), knew of the claims alleged in the 2020 Underlying Lawsuit prior to the inception of coverage on July 1, 2021, and prior to the renewals of the Policy effective July 1, 2022, 2023, 2024, and 2025.

50.     West Linn intended to, and did, induce Allmerica to issue insurance coverage, based on West Linn's representations in the insurance application.

51.     In addition to other coverage impediments to be raised in this lawsuit, Exclusion a. bars coverage for liability for "bodily injury" or "property damage" expected or intended from the standpoint of the insured. According to the 2020 Underlying Lawsuit and 2025 Underlying Lawsuit allegations, and the Current Claims allegations generally, West Linn knew or should have known of Farley's injurious acts, triggering application of Exclusion a., and barring coverage for any damages.

52.     In addition to other coverage impediments to be raised in this lawsuit, Exclusion e. bars coverage for liability for "bodily injury" to an employee. According to the 2025 Underlying

Lawsuit allegations, that plaintiff was an employee at the time of the alleged injuries, triggering application of Exclusion e., and barring coverage for any damages.

53.      In addition to other coverage impediments to be raised in this lawsuit, the Professional Services exclusion found in the Small Commercial Liability Companion Endorsement (Endorsement 822-0001 08 19) bars coverage for "bodily injury," "property damage", or "personal and advertising injury" caused by the rendering of or failure to render any professional service, advice or instruction by any insured. According to the 2025 Underlying Lawsuit allegations, West Linn failed to supervise medical activities, failed to warn patients of David Farley's wrongful acts, failed to train personnel to recognize David Farley's wrongful acts, and failed to notify law enforcement of David Farley's wrongful acts, among other similar allegations. These allegations fall within the descriptions of Professional Services in the exclusion. The Professional Services exclusion bars coverage for damages caused by these acts.

54.      Allmerica believes there is no coverage for the claims made in the 2025 Underlying Lawsuit or the Current Claims that are not yet in suit. To the extent any coverage is found by this Court, Allmerica requests a finding that no more than a single policy term's aggregate limit of $2,000,000 is available for all damages sought for the claims made in the 2020 and 2025 Lawsuits or in the Current Claims, or any other claim for the same damages, due to application of the "anti-stacking" clause in Endorsement 822-0001 08 19, and due to the definition of "occurrence," and due to Section III – Limits of Insurance.

55.      In addition to other coverage impediments to be raised in this action, the Known Loss doctrine precludes the availability of coverage for the claims in the 2025 Underlying Lawsuit or the Current Claims that are not yet in suit.

WILSON SMITH COCHRAN DICKERSON
1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON  98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

## IV.  <u>FIRST CLAIM FOR DECLARATORY RELIEF</u>

### Declaratory Judgment that Allmerica Has No Duty To Defend West Linn in the 2025 Underlying Lawsuit or Against the Current Claims that are not yet in suit

56.     Plaintiff hereby incorporates by reference all preceding paragraphs as though fully set forth herein.

57.     An actual, present, and bona fide justiciable controversy exists between Plaintiff and Defendant with respect to whether Plaintiff has any defense obligation under the Allmerica Policy (all periods) with regard to the 2025 Underlying Lawsuit and the Current Claims that are not yet in suit.

58.     A judicial declaration is necessary to establish the parties' rights and duties, if any, under the Allmerica Policy (all periods).

59.     A judicial declaration is necessary to establish the parties' rights and duties, if any, under the Allmerica Policy (all periods) with regard to the 2025 Underlying Lawsuit and the Current Claims that are not yet in suit.

60.     Plaintiff is entitled to a declaration that Plaintiff has no duty to defend Defendant against the 2025 Underlying Lawsuit or the Current Claims that are not yet in suit because none of the allegations in any proceeding in the  Lawsuit or the Current Claims potentially fall within the terms of coverage provided by the Allmerica Policy (all periods) due to Defendant's prior knowledge of the claims, because the damages are barred by the Known Loss doctrine, because the claims do not fall within the Insuring Agreement(s) requirements, because Defendant failed to comply with required notice conditions, prejudicing Allmerica, and because exclusions apply to bar coverage.

COMPLAINT FOR DECLARATORY
JUDGMENT AND RESCISSION - 21

WILSON SMITH COCHRAN DICKERSON
1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON  98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

## V.  SECOND CLAIM FOR DECLARATORY RELIEF

**Declaratory Judgment that Allmerica Has No Duty To Indemnify West Linn for Damages Alleged in the 2025 Underlying Lawsuit or the Current Claims yet in suit**

61.     Plaintiff hereby incorporates by reference all preceding paragraphs as though fully set forth herein.

62.     An actual, present, and bona fide justiciable controversy exists between Plaintiff and Defendant with respect to whether Plaintiff has any indemnity obligation under the Allmerica Policy (all periods) with regard to the 2025 Underlying Lawsuit or the Current Claims that are not yet in suit.

63.     A judicial declaration is necessary to establish the parties' rights and duties, if any, under the Allmerica Policy (all periods).

64.     Plaintiff is entitled to a declaration that Plaintiff has no duty to indemnify Defendant against the 2025 Underlying Lawsuit or the Current Claims that are not yet in suit because none of the allegations in any proceeding in the Lawsuit or the Current Claims potentially fall within the terms of coverage provided by the Allmerica Policy (all periods) due to Defendant's prior knowledge of the claims, because the damages are barred by the Known Loss doctrine, because the claims do not fall within the Insuring Agreement(s) requirements, because Defendant failed to comply with required notice conditions, prejudicing Allmerica, and because exclusions apply to bar coverage.

## VI.  CLAIM FOR RESCISSION

65.     Plaintiff hereby incorporates by reference all preceding paragraphs as though fully set forth herein.

WILSON SMITH COCHRAN DICKERSON
1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON  98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

66.     Allmerica would not have issued the Policy to West Linn had West Linn provided notice to Allmerica of the 2020 Underlying Lawsuit when West Linn applied for insurance in June of 2021.

67.     Due to West Linn's failure to provide notice of the 2020 Underlying Lawsuit when completing the insurance application, and/or to provide notice of the 2020 Underlying claims or Lawsuit, and/or to provide notice of the 2025 Underlying claims or Lawsuit, at any time prior to July 29, 2025, the most recent renewal of the Policy, cause exists to rescind the Policy, beginning July 1, 2021, and to place the parties in their respective positions that existed prior to the Policy's issuance. By agreement of the parties, rescission of the Policy shall not affect Allmerica's payments or agreements to pay defense costs and indemnity amounts related to the 2020 Underlying Lawsuit that were made or agreed to prior to this lawsuit.

68.     Absent equitable relief for rescission, Plaintiff lacks an adequate remedy at law to resolve the dispute with West Linn regarding coverage under the Policy for claims arising from the 2025 Underlying Lawsuit or the Current Claims that are not yet in suit.

## VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1.     Judgment declaration that Plaintiff has no duty to defend Defendant in the 2025 Underlying Lawsuit or the Current Claims that are not yet in suit;

2.     Judgement declaration that Plaintiff has no duty to indemnify Defendant against the damages alleged in the 2025 Underlying Lawsuit or the Current Claims that are not yet in suit;

WILSON SMITH COCHRAN DICKERSON
1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

3.      Judgment in Plaintiff's favor rescinding the Policy effective July 1, 2021. This rescission would not affect Allmerica's agreements prior to the date of this lawsuit to make defense cost payments and indemnity payments related to the 2020 Underlying Lawsuit;

4.      Judgment in Plaintiff's favor awarding Plaintiff all defense costs expended and indemnity payments made on behalf of Defendant to the extent allowed by law or in equity, with the exception of those defense cost and indemnity payments relating to the 2020 Underlying Lawsuit made by, or agreed to, by Allmerica prior to the date of this lawsuit;

5.      That Plaintiff recover its taxable costs and disbursements herein; and

6.      For such other and further relief as the Court deems just and equitable.

DATED this 9th day of January, 2026.

By: _s/Alfred E. Donohue_____
        Alfred E. Donohue, OSB No. 096205
        Wilson Smith Cochran Dickerson
        1000 Second Avenue, Suite 2050
        Seattle, WA  98104-3629
        Phone: (206) 623-4100
        Fax: (206) 623-9273
        Email: donohue@wscd.com
        Of Attorneys for Plaintiff Allmerica Financial
        Benefit Insurance Company