# EXHIBIT 4

_Verified Correct Copy of Original 2/27/2025._

CLACKAMAS CIR COURT
27 FEB 2025 13:26

ENTERED

FEB 2 7 2025

By: TRL

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF CLACKAMAS

| | |
|---|---|
| A.D.C., an individual proceeding under a pseudonym,<br><br>　　　　　　Plaintiff,<br><br>　　　vs.<br><br>DAVID FARLEY, M.D., an individual; and WEST LINN FAMILY HEALTH CENTER, P.C., an Oregon professional corporation,<br><br>　　　　　　Defendants. | Case No. **25CV12386**<br><br>**COMPLAINT**<br>(Sexual Battery; Intentional Infliction of Emotional Distress; Negligence)<br><br>Prayer: $5,000,000<br><br>Filing fee: $884 (ORS 21.160(1)(d))<br><br>Claim <u>not</u> subject to mandatory arbitration<br><br>Demand for jury trial |

COMES NOW Plaintiff A.D.C. and alleges as follows:

## BACKGROUND

1.

At all material times, Defendant DAVID FARLEY, M.D. ("FARLEY") violated his position of trust, authority, and confidence by repeatedly sexually assaulting Plaintiff while she was a patient of Defendant WEST LINN FAMILY HEALTH CENTER ("FAMILY HEALTH").

2.

FARLEY sexually abused Plaintiff on multiple occasions by engaging in acts that include, but are not necessarily limited to:

a) Prolonging his presence in the examination room to allow observation of Plaintiff naked;

b) Forcing his fingers inside of Plaintiff's vagina;

c) Performing "membrane sweeps" of the Plaintiff without consent;



25CV12386
CM
Complaint
18899714

Page 1 – COMPLAINT

GRAVES & SWANSON, LLC
3630 South River Parkway
Portland, OR 97239
PHONE 503.406.2140 • FAX 503.406.2561

Verified Correct Copy of Original 2/27/2025.

1    d) Fondling Plaintiff's bare breasts with his ungloved hands under the guise of

2        performing a "breast examination";

3    e) Digitally penetrating Plaintiff's vagina without consent under the guise of conducting

4        a "pelvic examination," at least some if not all of the time without gloves;

5    f)  Insisting on medically unnecessary pelvic examinations and breast examinations; and

6    g) Forcing Plaintiff to endure painful and medically unnecessary treatment.

7                                              3.

8        FARLEY is alleged to have engaged in sexual misconduct with over 100 of his patients,

9    including Plaintiff, for no legitimate medical purpose and for no other reason than to satisfy his

10   own prurient sexual desires.[1]  FARLEY repeatedly violated his role as a physician all while

11   Defendant FAMILY HEALTH knew or should have known that he was an unfit doctor and

12   should not have been in contact with patients.

13                                         **PARTIES**

14                                             4.

15       Plaintiff A.D.C. ("Plaintiff") is an adult female born in the year 1980 who currently

16   resides in Arizona.  At all times material to this Complaint, Plaintiff was a resident of Clackamas

17   County, Oregon, and a patient of Defendant DAVID FARLEY, M.D. ("FARLEY") and WEST

18   LINN FAMILY HEALTH CENTER, P.C. ("FAMILY HEALTH") from approximately

19   December 2001 through April 2010.  During this same period, Plaintiff was also an

20   administrative employee of FAMILY HEALTH providing support to physicians and advanced

21   practice providers.  "A.D.C." is a pseudonym utilized to protect Plaintiff's identity in light of her

22   privacy interests in remaining anonymous as a survivor of sexual abuse.

23   ///

24   ///

25

26       [1] *See, for example, Jane Coe et al. vs. David Farley et al.*, Multnomah County Case No.
     20CV37412.

Page 2 –  COMPLAINT

GRAVES & SWANSON, LLC
3630 South River Parkway
Portland, OR  97239
PHONE 503.406.2140 • FAX 503.406.2561

_Verified Correct Copy of Original 2/27/2025._

5.

Defendant DAVID FARLEY, M.D. ("FARLEY") is an individual who, at all times relevant, practiced medicine in Clackamas County, Oregon. Upon information and belief, FARLEY received his medical degree in 1986, and following completion of his residency, opened West Linn Family Health Cetner sometime around 1989. Upon information and belief, FARLEY registered WEST LINN FAMILY HEALTH CENTER, P.C. ("FAMILY HEALTH") on or around March 24, 1993. Accordingly, at all times material, Defendant FARLEY was a founder, owner, partner, shareholder, and/or employee of FAMILY HEALTH.

6.

Defendant WEST LINN FAMILY HEALTH CENTER, P.C. ("FAMILY HEALTH") at all times mentioned herein was and is an Oregon professional corporation, having its principal place of business in the state of Oregon, county of Clackamas. FARLEY was an agent, apparent agent, servant, and/or employee of FAMILY HEALTH during the sexual abuse of Plaintiff, thus, FAMILY HEALTH is vicariously liable for his misconduct.

**JURISDICTION AND VENUE**

7.

The events giving rise to this Complaint occurred in Clackamas County, Oregon. Defendant FARLEY practiced medicine in Clackamas County, Oregon. Defendant FAMILY HEALTH is an Oregon professional corporation with a principal place of business at 18380 Willamette Drive #202, West Linn, Clackamas County, Oregon. Jurisdiction is proper in the state of Oregon pursuant to ORS 14.030. Venue is proper in the Circuit Court of Clackamas County pursuant to ORS 14.080(2).

///

///

///

Page 3 –  COMPLAINT

GRAVES & SWANSON, LLC
3630 South River Parkway
Portland, OR 97239
PHONE 503.406.2140 • FAX 503.406.2561

_Verified Correct Copy of Original 2/27/2025._

## FACTUAL ALLEGATIONS REGARDING DEFENDANTS

8.

FARLEY was hired, retained, and held out by FAMILY HEALTH to provide medical care and treatment to Plaintiff, who was at the time when she began treatment a medically inexperienced and sexually naïve young woman, and had previously only received limited gynecological care. FARLEY held a position as a trusted mentor figure and employer as well as being a trusted medical professional. It was through this position of trust and confidence that FARLEY exploited Plaintiff, in perpetrating his sexual abuse, molestation and harassment upon Plaintiff. All of the sexually abusive and harassing conduct alleged herein was done for FARLEY's sexual gratification.

9.

FARLEY was hired, employed and retained by FAMILY HEALTH and was under its direct supervision, management, agency and control. FARLEY's employment duties included providing medical care to the patients of FAMILY HEALTH.

10.

On information and belief, at all relevant time periods, FAMILY HEALTH operations were dictated by one or more individuals in a position of leadership due to their status as owners (*i.e.*, partners, shareholders, or individuals otherwise holding an ownership interest in FAMILY HEALTH), officers, and/or physicians holding one or more of the positions as described in this paragraph, hereinafter referred to as "leadership".

11.

Leadership of Defendant FAMILY HEALTH had an express or implied contract or agreement to engage in the joint enterprise of establishing, managing, operating and promoting FARLEY for the provision of medical services and shared a pecuniary interest in the acquisition and treatment of patients.

///

Page 4 –  COMPLAINT

GRAVES & SWANSON, LLC
3630 South River Parkway
Portland, OR 97239
PHONE 503.406.2140 • FAX 503.406.2561

_Verified Correct Copy of Original 2/27/2025._

12.

Leadership of FAMILY HEALTH selected, approved, trained, supervised and maintained the right of control and/or actual control over FARLEY. FAMILY HEALTH authorized and empowered FARLEY to perform all duties of a physician. FAMILY HEALTH retained the right to control, and had actual control of the means, method, and physical details of FARLEY's performance of these duties. As such, FARLEY was the actual or apparent agent and/or employee of FAMILY HEALTH.

13.

As part of FARLEY's duties, and actual or apparent agency and/or employment, FARLEY used his position to gain the trust and confidence of Plaintiff and commit acts of sexual abuse. FARLEY committed acts of sexual abuse in connection with his agency and/or employment with FAMILY HEALTH, within the time and scope of his agency and/or employment, out of a desire, at least partially and initially, to fulfill his duties as a physician; and his duties were of the kind and nature that he was required to perform as a physician.

14.

As a patient of FAMILY HEALTH, Plaintiff was under FARLEY's direct supervision, control, and care, which created a special, fiduciary relationship between Plaintiff and FARLEY. Because of such relationship, FARLEY owed Plaintiff a duty of care. Additionally, as the employer and supervisor of FARLEY with knowledge that he was in contact with and providing medical care to patients, FAMILY HEALTH was also in a special, confidential, and fiduciary relationship with persons such as Plaintiff who sought treatment with FAMILY HEALTH, owing Plaintiff a duty of care.

///

///

Page 5 –  COMPLAINT

_Verified Correct Copy of Original 2/27/2025._

15.

By employing FARLEY and assigning and/or allowing him access to patients, FAMILY HEALTH represented to its patients, and the community, that FARLEY was safe, trustworthy, and of high moral and ethical repute, such that patients need not worry about having FARLEY interact with, and provide care to, those patients.

16.

In his capacity as a physician with FAMILY HEALTH, FARLEY was given custody and supervision of patients, including Plaintiff. FARLEY used this position to coerce patients to concede to his prurient sexual demands, using his authority and position of trust to exploit them physically, sexually and emotionally.

17.

As a patient of FAMILY HEALTH, Plaintiff came into contact with FARLEY, and reasonably believed FARLEY was an employee of FAMILY HEALTH. FARLEY used the guise of medical care and treatment to normalize intimate, inappropriate, and sexually abusive contact with Plaintiff.

18.

FARLEY's sexual abuse and harassment of Plaintiff was done for FARLEY's personal sexual gratification, and – once such abuse was discovered by Plaintiff – it appalled, disturbed, and offended Plaintiff as it would have a reasonable person. Plaintiff did not consent to the sexual abuse and harassment by FARLEY.

19.

During the period Plaintiff was being sexually abused and harassed by FARLEY, Defendant FAMILY HEALTH had the authority and ability to prevent such abuse by removing FARLEY from his position as a physician and/or instituting and enforcing policies and safeguards to prevent his unfettered access to and abuse of patients. FAMILY HEALTH failed to do so, allowing the abuse to occur and continue unabated.

Page 6 –  COMPLAINT

GRAVES & SWANSON, LLC
5630 South River Parkway
Portland, OR 97239
PHONE 503.406.2140 • FAX 503.406.2561

_Verified Correct Copy of Original 2/27/2025._

20.

On information and belief, FAMILY HEALTH knew or should have known that FARLEY had engaged in unlawful sexually abusive conduct in the past and/or was continuing to engage in such conduct.  FAMILY HEALTH had a duty to disclose these facts to patients, including Plaintiff, but negligently failed to disclose this information or take any action to curtail such behavior by FARLEY.  The duty to disclose this information arose from FAMILY HEALTH's special, trusting, confidential, fiduciary relationship between FAMILY HEALTH and Plaintiff, and/or from the duty of reasonable care to prevent the foreseeable risks of harm FARLEY presented to patients such as a Plaintiff.

21.

On information and belief, FAMILY HEALTH knew or should have known of FARLEY's sexual abuse of patients, vis-à-vis patient complaints, personnel and/or employment records or other records of FAMILY HEALTH.

22.

At all times during his employment with FAMILY HEALTH, FAMILY HEALTH held FARLEY out to be a trustworthy and legitimate physician by continuing to advertise his services to the public, employ him, and/or allow him to treat patients.  In making this representation, FAMILY HEALTH failed to report known instances of misconduct regarding FARLEY's sexual abuse despite complaints lodged by patients.

23.

On information and belief, while Plaintiff was a patient at FAMILY HEALTH, leadership at FAMILY HEALTH engaged in a pattern and practice of ignoring complaints, failing to investigate sexual harassment and abuse complaints, failing to disclose information from abuse victims, and contributed to a sexually hostile environment at FAMILY HEALTH. Leadership at FAMILY HEALTH knew or should have known of FARLEY's dangerous propensity to sexually abuse his patients, yet FAMILY HEALTH did not report FARLEY to law

Page 7 –   COMPLAINT

Verified Correct Copy of Original 2/27/2025.

1  enforcement or to the Oregon Medical Board at any time during FARLEY's 30 years of practice.

2  24.

3  On information and belief, FAMILY HEALTH knew or should have known of

4  FARLEY's propensity and disposition to engage in sexual misconduct with patients before he

5  sexually abused Plaintiff, and knew or should have known of the probability that he would

6  sexually abuse patients with whom he came into contact, including but not limited to Plaintiff.

7  25.

8  FAMILY HEALTH failed to implement reasonable safeguards to avoid acts of unlawful

9  sexual conduct by FARLEY in the future, including avoiding placement of FARLEY in a

10  position where contact and interaction with vulnerable patients is an inherent function of his job

11  duties.  Leadership of FAMILY HEALTH ignored and suppressed FARLEY's past sexual

12  misconduct and failed to train or warn staff of the complaints or concerns expressed by patients

13  about FARLEY.

14  26.

15  Leadership of FAMILY HEALTH were apprised, knew or should have known, and/or

16  were put on notice of FARLEY's past sexual abuse of patients, past complaints and/or

17  investigations, and his propensity and disposition to engage in such unlawful activity and

18  unlawful sexual activity with patients, such that FAMILY HEALTH knew or should have known

19  that FARLEY would commit wrongful sexual acts with patients, including Plaintiff.  Based on

20  the complaints that FAMILY HEALTH received from patients about FARLEY's sexually

21  abusive behavior and/or misconduct, FAMILY HEALTH did, or in the exercise of reasonable

22  diligence, should have documented these complaints in FARLEY's employment records; should

23  have reported FARLEY's behavior to authorities; and should have conducted internal

24  investigations of FARLEY's sexually abusive behavior with patients.  Based upon these

25  complaints, FAMILY HEALTH knew or should have known of FARLEY's history of sexual

26  abuse, past claims and/or past investigations, and his propensity and disposition to engage in

Page 8 –  COMPLAINT

_Verified Correct Copy of Original 2/27/2025._

1   unlawful activity and unlawful sexual activity with patients, such that FAMILY HEALTH knew

2   or should have known that FARLEY would commit wrongful sexual acts with patients, including

3   Plaintiff.

4                                               27.

5        Because of the relationship between Plaintiff and FAMILY HEALTH, FAMILY

6   HEALTH had an obligation and duty under the law to report and disclose material facts and

7   information about FARLEY's past, and his deviant sexual behavior and propensities.

8   Additionally, FAMILY HEALTH had an affirmative duty to inform, warn, and institute

9   appropriate protective measures to safeguard patients who were reasonably likely to encounter

10  FARLEY. On information and belief, FAMILY HEALTH willfully refused to notify, give

11  adequate warning, and implement appropriate safeguards, thereby creating the dangerous

12  condition that ultimately damaged Plaintiff.

13                                              28.

14       As part of FAMILY HEALTH's failure to report and disclose FARLEY's propensity to

15  sexually abuse and harass patients, and prior sexual misconduct with patients, from public

16  scrutiny and criminal investigation, FAMILY HEALTH engaged in conduct which created a

17  foreseeable risk of harm to patients such as Plaintiff by acting and/or failing to act in one or more

18  of the following ways:

19       a)  Permitting FARLEY to remain in a position of authority and trust after FAMILY

20           HEALTH knew or should have known that he sexually abused and harassed his

21           patients;

22       b)  Placing FARLEY in a separate and secluded environment at FAMILY

23           HEALTH's facility, which granted FARLEY unfettered access to and control

24           over patients even when he was purporting to conduct extremely sensitive

25           medical treatment, thereby allowing FARLEY to physically and sexually interact

26           with patients, including Plaintiff;

Page 9 –   COMPLAINT

GRAVES & SWANSON, LLC
3630 South River Parkway
Portland, OR 97239
PHONE 503.406.2140 • FAX 503.406.2561

_Verified Correct Copy of Original 2/27/2025._

c) Failing to disclose and concealing FARLEY's prior record of misconduct, sexual abuse, harassment and molestation and his propensity to commit such acts towards patients from patients, the public at large, and law enforcement;

d) Deferring to FARLEY on matters of training and policy;

e) Allowing FARLEY to have unfettered and uncontrolled access to patients, including Plaintiff;

f) Holding out FARLEY to Plaintiff, other patients at FAMILY HEALTH, and the public at large as a trustworthy and honest person of high ethical and moral repute who was capable and worthy of being granted unsupervised access to the patients of FAMILY HEALTH;

g) Failing to investigate or otherwise confirm or deny such facts about FARLEY, including prior complaints, claims and investigations for sexual abuse;

h) Failing to inform and concealing from Plaintiff and law enforcement officials the fact that patients were or may have been sexually abused, harassed, or molested, after FAMILY HEALTH knew or should have known FARLEY may have sexually abused patients, thereby enabling Plaintiff to continue to be endangered and sexually abused, harassed, molested, and/or creating the circumstance where Plaintiff and others were less likely to receive proper medical treatment, thus exacerbating the harm to Plaintiff;

i) Holding out FARLEY to Plaintiff and to the community as being in good standing and trustworthy;

j) Cloaking FARLEY's prior sexual misconduct with patients within the façade of normalcy, thereby disguising the nature of his sexual abuse and contact with patients;

k) Failing to take reasonable steps and to implement reasonable safeguards to avoid acts of unlawful sexual conduct by FARLEY such as avoiding placement of

Page 10 – COMPLAINT

_Verified Correct Copy of Original 2/27/2025._

FARLEY in functions or environments in which his intimate contact with patients was inherent; and

l)   Failing to put in place a system or procedure to supervise or monitor physicians, chaperones and agents to insure they do not molest or abuse patients in FAMILY HEALTH's care, and that they further report all reasonable suspicions of sexual assault and battery to law enforcement pursuant to Oregon law.

29.

By his position within FAMILY HEALTH, FARLEY attained a position of influence over Plaintiff.  FAMILY HEALTH's conduct created a situation of peril and a dangerous condition that was not, and could not, be appreciated by Plaintiff.  By virtue of FAMILY HEALTH's conduct, and in keeping with its failure to report and disclose, and thus conceal, FARLEY's past and present conduct from the community, the public at large, and law enforcement, FAMILY HEALTH allowed FARLEY to remain in a position of influence where his unsupervised or negligently supervised conduct with patients made the harassment and sexual abuse of those individuals, including Plaintiff, possible.

30.

As is set forth herein, FAMILY HEALTH, by and through its agents, has failed to create, implement, and/or uphold its own internal policies and procedures, including but not limited to:

a)   Report reasonable suspicions of sexual abuse to law enforcement;

b)   Use reasonable care to supervise medical staff to protect patients from sexual abuse and exploitation;

c)   Properly train staff to identify instances of abuse or failures to follow applicable medical guidelines;

d)   Provide diligent supervision over patients;

e)   Act promptly and diligently and not ignore or minimize problems; and

f)   Report suspected incidents of sexual abuse or inappropriate conduct.

Page 11 – COMPLAINT

GRAVES & SWANSON, LLC
3630 South River Parkway
Portland, OR 97239
PHONE 503.406.2140 • FAX 503.406.2561

_Verified Correct Copy of Original 2/27/2025._

31.

Despite having a duty to do so, FAMILY HEALTH failed to adequately train and supervise all staff to create a positive and safe environment, specifically including training to perceive, report, and stop inappropriate sexual conduct by other members of staff, specifically including FARLEY, and patients. In particular, FAMILY HEALTH used chaperones who were responsible for ensuring that doctors, including FARLEY, did not sexually abuse his patients during examinations, but failed to utilize chaperones consistently, failed train or otherwise convey the purpose of this role to staff who were to serve as chaperones, and delegated discretion to FARLEY both as to instructing chaperones in these duties and as to whether to utilize chaperones during his own examinations of patients. On information and belief, chaperones were generally present in FARLEY's examinations only when specifically requested by the patient, and would routinely comply with FARLEY's request to leave the examination room or otherwise be positioned in the examination room such a way as to obstruct their view of FARLEY's actions, thereby allowing FARLEY unfettered access to sexually abuse his patients.

32.

FAMILY HEALTH failed to enforce its own rules and regulations designed to protect the health and safety of its patients. Further, it failed to adopt and implement reasonable safety measures, policies and procedures designed to protect patients, such as Plaintiff, from the sexually exploitative and abusive acts of its agents and employees, such as FARLEY. Such failures enabled an environment where sexual abuse of patients – including Plaintiff – could continue to occur.

///

///

///

Page 12 – COMPLAINT

GRAVES & SWANSON, LLC
3630 South River Parkway
Portland, OR 97239
PHONE 503.406.2140 • FAX 503.406.2561

_Verified Correct Copy of Original 2/27/2025._

## FACTUAL ALLEGATIONS REGARDING PLAINTIFF

33.

In or around December 2001, when Plaintiff was 21 years old, Plaintiff began receiving medical treatment from FARLEY at FAMILY HEALTH. From in or around December 2001 through in or around April 2010, Plaintiff was forced to submit to FARLEY's sexual abuse and harassment on at least twenty (20) separate occasions while seeking medical treatment.

34.

At all times material hereto, Plaintiff was a patient of Defendants FARLEY and FAMILY HEALTH. FARLEY used his position of trust and authority over Plaintiff to sexually abuse and harass her in the following ways:

   a)  Performing multiple unnecessary and ungloved digitally penetrative pelvic exams on Plaintiff without chaperones present, including more than twice per month during Plaintiff's pregnancies, and on multiple other occasions to ostensibly rule out suspected urinary tract infections, even when Plaintiff reported no symptoms of such;

   b)  Performing unnecessary and invasive "membrane sweeps" on Plaintiff during her pregnancies, which – on information and belief – may have resulted in or contributed to at least one of Plaintiff's miscarriage(s).

   c)  Reminding Plaintiff of her annual pap-smears and need for pelvic examinations exclusively and without providing such similar reminders concerning other regularly recurring medical care;

   d)  Performing ungloved and lengthy breast examinations on Plaintiff in a way that indicated he was deriving sexual gratification, including groping, squeezing and fondling her breasts and nipples;

   e)  Lingering in the examination room to watch Plaintiff remove her gown and put on her clothing;

Page 13 – COMPLAINT

GRAVES & SWANSON, LLC
3630 South River Parkway
Portland, OR 97239
PHONE 503.406.2140 • FAX 503.406.2561

_Verified Correct Copy of Original 2/27/2025._

f) Insisting on hugging and embracing after Plaintiff had disrobed and was wearing only the thin gown provided by the clinic both before and after the exams; and

g) Attempting on at least two occasions to lure Plaintiff to his home for the purpose of conducting pelvic examinations.

35.

At the time, in reasonable reliance upon FAMILY HEALTH that FARLEY was a trustworthy medical professional, Plaintiff believed that FARLEY's conduct was medically necessary. It was not until in or around September or October 2024 – after Plaintiff saw a CNN expose publicly revealing FARLEY's sexually abusive nature – that Plaintiff realized that FARLEY's conduct was sexual abuse.[2]

36.

As a result of the conduct described herein, Plaintiff has suffered and will continue to suffer severe emotional distress, anxiety, rumination, fear, depression, panic, sensory hypersensitivity, scattered thoughts, self-doubt, emotional instability, insomnia, night terrors, palpitations, excessive perspiration, myalgias, flare ups of rheumatoid arthritis, loss of libido, struggles with intimacy, loss of trust, inability to connect, difficulty with meaningful interactions with others, isolation, suicidal ideation and thoughts of self-harm, and difficulty trusting healthcare professionals. All of the aforementioned injuries have caused and/or will continue to cause Plaintiff non-economic damages in an amount the jury deems fair, not to exceed $5,000,000.

37.

Plaintiff did not begin to discover the causal connection between the sexual abuse and injuries she suffered as a result of that abuse until less than five years before filing this suit.

---

[2] Meena Duerson & Meridith Edwards, "A doctor cared for generations of families. Now dozens of women say he also abused them," CNN (Sept. 20, 2024), *available at* https://www.cnn.com/2024/09/15/us/oregon-doctor-survivors-abuse-claims/index.html (last accessed Feb. 5, 2025).

Page 14 – COMPLAINT

_Verified Correct Copy of Original 2/27/2025._

1  Prior to that time, Plaintiff did not discover, and reasonably could not discover, the connection

2  between the sexual abuse and her injuries caused by that abuse because psychological conditions

3  arising from the sexual abuse prevented that discovery and the nature of the abuse was disguised

4  as medical care.

### FIRST CAUSE OF ACTION

### SEXUAL BATTERY

### (Against Defendant FARLEY and Defendant FAMILY HEALTH)

8  38.

9  Plaintiff re-alleges and incorporates by this reference each and every allegation contained

10  above as if fully set forth herein.

11  39.

12  While acting in the course and scope of his agency and/or employment with Defendant

13  FAMILY HEALTH and during Plaintiff's time as a patient of Defendant FAMILY HEALTH,

14  Defendant FARLEY acted with the intent to cause a harmful or offensive contact with Plaintiff

15  by engaging in the sexual abuse and harassment of Plaintiff, as described above. These acts

16  constituted a harmful or offensive touching of Plaintiff to which Plaintiff did not consent.

17  40.

18  Defendant FARLEY's actions either directly or indirectly caused a harmful or offensive

19  contact with Plaintiff and/or caused Plaintiff reasonable apprehension that Defendant FARLEY

20  was going to cause imminent harmful or offensive contact.

21  41.

22  Because of FARLEY's position of authority over Plaintiff, Plaintiff's mental and

23  emotional state, and inexperience, Plaintiff did not give meaningful consent to such acts.

24  Plaintiff was further under a mistaken belief that Defendant FARLEY's contact was made for the

25  purpose of providing medical care, and did not consent to the sexual contact.

26  ///

Page 15 – COMPLAINT

_Verified Correct Copy of Original 2/27/2025._

42.

Acts in the course and scope of FARLEY's employment or agency with FAMILY
HEALTH resulted in the acts that caused Plaintiff's injuries, and as a result, FAMILY HEALTH
is vicariously liable.

43.

As a result of the above-described conduct, Plaintiff has suffered and will continue to
suffer damages as described herein.

## SECOND CAUSE OF ACTION

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

## (Against Defendant FARLEY and Defendant FAMILY HEALTH)

44.

Plaintiff re-alleges and incorporates by this reference each and every allegation contained
above as if fully set forth herein.

45.

While acting in the course and scope of his agency and/or employment with Defendant
FAMILY HEALTH and during Plaintiff's time as a patient of Defendant FAMILY HEALTH,
Defendant FARLEY knowingly and intentionally caused severe emotional distress to Plaintiff by
his sexual abuse and harassment as described above.

46.

Sexual abuse and harassment of a patient by a physician under the guise of providing
medical care, and the physician's exploitation of the inherent power differential and relationship
of trust between physician and patient, is an extraordinary transgression of the bounds of socially
tolerable behavior. Defendant FARLEY's conduct toward Plaintiff, as described herein, was an
extraordinary transgression of the bounds of socially tolerable behavior.

///

///

Page 16 – COMPLAINT

GRAVES & SWANSON, LLC
3630 South River Parkway
Portland, OR 97239
PHONE 503.406.2140 • FAX 503.406.2561

_Verified Correct Copy of Original 2/27/2025._

47.

Acts in the course and scope of FARLEY's employment or agency with FAMILY HEALTH resulted in the acts that caused Plaintiff's injuries, and as a result, FAMILY HEALTH is vicariously liable.

48.

Defendant FARLEY's conduct described herein was intentional and done for the purpose of causing or with the substantial certainty that Plaintiff would suffer severe emotional distress, and Plaintiff did in fact suffer severe emotional distress as a result.

49.

As a result of the above-described conduct, Plaintiff has suffered and will continue to suffer severe emotional distress and other damages as described herein.

### THIRD CAUSE OF ACTION

### NEGLIGENCE

### (Against Defendant FAMILY HEALTH)

50.

Plaintiff re-alleges and incorporates by this reference each and every allegation contained above as if fully set forth herein.

51.

Defendant FAMILY HEALTH, by and through its respective agents, servants and employees, knew or should have known of Defendant FARLEY's dangerous and exploitative propensities and that Defendant FARLEY was an unfit agent.

52.

Defendant FAMILY HEALTH was put on notice and knew or should have known that Defendant FARLEY had previously engaged, and was continuing to engage, in unlawful sexual conduct in his capacity as a physician for his own personal sexual gratification, and that it was foreseeable that he was engaging and/or would engage in illicit sexual activities with Plaintiff, and

Page 17 – COMPLAINT

Verified Correct Copy of Original 2/27/2025

1   others, under the cloak of authority, confidence, and trust, bestowed upon him by and through

2   Defendant FAMILY HEALTH.

3                                           53.

4         Defendant FAMILY HEALTH was aware or should have been aware of how vulnerable

5   medical patients were to sexual harassment, molestation, and abuse by physicians and other

6   persons of authority within FAMILY HEALTH.

7                                           54.

8         By virtue of Plaintiff's special relationship with Defendant FAMILY HEALTH, and

9   Defendant FAMILY HEALTH's relation to Defendant FARLEY, Defendant FAMILY

10  HEALTH owed Plaintiff as a patient a duty to act reasonably in hiring, training, supervising, and

11  retaining Defendant FARLEY.

12                                          55.

13        Defendant FAMILY HEALTH had a special duty to protect Plaintiff when her care,

14  welfare, and physical custody was entrusted to Defendant FAMILY HEALTH's care, which

15  FAMILY HEALTH voluntarily accepted. As such, FAMILY HEALTH owed Plaintiff a special

16  duty of care that medical professionals dealing with vulnerable medical patients owe to protect

17  them from harm. The duty to warn, educate, and protect arose from the special, trusting,

18  confidential and fiduciary relationship between FAMILY HEALTH and Plaintiff as a patient.

19                                          56.

20        Defendant FAMILY HEALTH further had a duty to act reasonably to prevent foreseeable

21  injuries to patients of FAMILY HEALTH, including Plaintiff. In light of Defendant FAMILY

22  HEALTH's knowledge of FARLEY's history and reports of sexual abuse and molestation of

23  patients, it was foreseeable to Defendant FAMILY HEALTH that FARLEY's retention as a

24  physician would put patients, including Plaintiff, at risk of being sexually abused.

25  ///

26  ///

Page 18 – COMPLAINT

_Verified Correct Copy of Original 2/27/2025._

57.

Defendant FAMILY HEALTH was negligent or grossly negligent and created a foreseeable risk of FARLEY sexually abusing patients of FAMILY HEALTH, including Plaintiff, by acting in one or more of the following ways:

a) Failing to engage in a reasonable, meaningful, and adequate investigation of Defendant FARLEY's background prior to hiring him;

b) Hiring and retaining Defendant FARLEY, given his dangerous and exploitative propensities;

c) Failing to provide adequate warning to Plaintiff and other patients of Defendant FARLEY's dangerous propensities and unfitness;

d) Failing to protect, supervise, and monitor Defendant FARLEY such that he would not be placed in situations with vulnerable medical patients, including Plaintiff, where he was able to commit wrongful acts of sexual misconduct;

e) Failing to stop Defendant FARLEY from committing wrongful sexual acts with patients, including Plaintiff;

f) Deferring to FARLEY on matters of training and policy;

g) Failing to implement a reasonable system or procedure to investigate, supervise, oversee and monitor conduct of physicians and healthcare professionals, including Defendant FARLEY, to prevent sexual harassment, molestation and abuse of patients;

h) Failing to adequately train staff in identifying and reporting sexual abuse and harassment;

i) Failing to disclose to Plaintiff, the public, and law enforcement that Defendant FARLEY had a documented history of sexually harassing and assaulting women;

j) Failing to report FARLEY's conduct to appropriate licensing boards and law enforcement agencies; and

Page 19 – COMPLAINT

GRAVES & SWANSON, LLC
3630 South River Parkway
Portland, OR 97239
PHONE 503.406.2140 • FAX 503.406.2561

_Verified Correct Copy of Original 2/27/2025._

k)  Representing expressly and impliedly to Plaintiff and the public that their physicians, including Defendant FARLEY, were not a sexual threat and that Defendant FARLEY was a physician of high moral and ethical repute, in good standing, and trustworthy.

58.

All or any of Defendant FAMILY HEALTH's negligent or grossly negligent acts and omissions as described above were substantial contributing factors to Plaintiff's abuse and damages as alleged in this Complaint.

59.

Defendant FAMILY HEALTH's negligent or grossly negligent acts and omissions as described above created a foreseeable risk that FARLEY would sexually abuse patients at FAMILY HEALTH, including Plaintiff. Plaintiff's interest in not being sexually abused was an interest that the law protects against negligent invasion.

60.

Defendant FAMILY HEALTH's acts and omissions as described above were unreasonable in light of Defendant FAMILY HEALTH's knowledge of the risk of harm FARLEY posed to patients, including Plaintiff. Defendant FAMILY HEALTH's acts and omissions were direct and foreseeable causes of all or some of Plaintiff's abuse and damages as described in this Complaint.

61.

Defendant FAMILY HEALTH's acts and omissions as described above breached its duties of care to patients, including Plaintiff.

62.

As a result of the above-described negligent or grossly negligent conduct, Plaintiff has suffered and will continue to suffer damages as described herein.

///

Page 20 – COMPLAINT

1    WHEREFORE, Plaintiff prays for a jury trial and a judgment against Defendants as

2  follows:

3    (1)    For her non-economic damages, in an amount to be determined by the jury, but in

4  no case greater than $5,000,000;

5    (2)    For her costs and disbursements incurred herein;

6    (3)    For interest according to law; and

7    (4)    For any other relief the Court deems appropriate.

8

9

10    DATED this 27th day of February, 2025.

11

12    Graves & Swanson, LLC

13

14

15    Jacqueline K. Swanson, OSB No. 141362
      jackie@graves-swanson.com
16    Christopher J. Graves, OSB No. 136087
      cj@graves-swanson.com
17    *Of Attorneys for Plaintiff*

18

19

20

21

22

23

24

25

26

Page 21 – COMPLAINT

GRAVES & SWANSON, LLC
3630 South River Parkway
Portland, OR 97239
PHONE 503.406.2140 • FAX 503.406.2561

Verified Correct Copy of Original 2/27/2025